IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LORI HAYS,)
)
       Plaintiff,)
)
vs.) Civil Action No. 07-640
)
COMMISSIONER OF SOCIAL SECURITY,)
)
       Defendant.)

O R D E R

AND NOW, this 25th day of March, 2008, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the

1

claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff contends that the Administrative Law Judge ("ALJ") erred in finding that she was not entitled to Supplemental Security Income ("SSI") benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., because her substance use disorder was a contributing factor material to the determination of disability. Specifically, Plaintiff argues that the record is bereft of any evidence of substance abuse after January of 2005, and that, therefore, her substance abuse could not have been material to the determination of her disability after that time. The Court disagrees and finds that substantial evidence supports the ALJ's findings.

Taking Plaintiff's substance abuse disorder into account, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform tasks at any exertional level, limited to simple, repetitive work that does not require dealing with the general public, maintaining close interaction and cooperation with co-workers, independent decision-making, meeting a rapid production pace or similar sources of high levels of work place stress. In addition, he found that Plaintiff will miss work an average of two days per month. The ALJ explained his rationale for this last limitation:

> During her evaluation by Dr. Wheeler, the claimant mentioned that she worked at various jobs including food preparation and serving. She said that she would quit going to work and begin using drugs again and that interfered with her employment history.
>
> After careful consideration of all the evidence, I find that claimant is credible concerning her inability to maintain acceptable attendance at work ***during periods when she is actively abusing drugs***.

(R. 17) (emphasis added). Plaintiff does not challenge this RFC finding and, indeed, based on this RFC, the ALJ determined that Plaintiff is disabled.

However, the ALJ found that there was medical evidence that Plaintiff had a substance abuse disorder. Pursuant to 20 C.F.R. § 416.935, when there is evidence of substance abuse, the adjudication consideration is whether the substance abuse is a contributing factor material to the determination of disability. The "key factor" in determining whether drug addiction is material to a determination of disability is whether the plaintiff would still be found to be disabled if he or she stopped using drugs. See id. at § 416.935(b)(1). The focus of the inquiry is on the limitations that would remain if the substance use ceased, and whether those limitations are disabling, regardless of their cause. See id. at § 416.935(b)(2). See also Ford v. Barnhart, 78 Fed. Appx. 825, 827 (3d Cir. 2003). In other words, in order to be found disabled, a plaintiff must have a disabling condition independent of his or her drug abuse.

(continued...)

2

¹(...continued)

The ALJ, in following this procedure, determined Plaintiff's RFC assuming she stopped her substance use. The *only* difference between this RFC determination and the one taking Plaintiff's drug abuse disorder into account was that the RFC if Plaintiff stopped her substance use did not include the limitation that Plaintiff would miss an average of two days per month. Based on this RFC, the vocational expert determined that there were a significant number of jobs in the national economy that Plaintiff could perform. (R. 112). The ALJ, accordingly, found, the Plaintiff could perform these jobs and found her to be not disabled.

Based on these facts, Plaintiff's argument regarding substance abuse after January of 2005 misses the mark. The significant fact that neither party has addressed is that the only change in Plaintiff's RFC factoring out her substance abuse disorder is that she would no longer be expected to miss an average of two days per month. The rest of the original RFC, which Plaintiff does not challenge, remains intact. The express reason why the limitation regarding work attendance had been included in the original RFC was that the ALJ found Plaintiff credible concerning her inability to maintain acceptable attendance at work during periods when she is actively abusing drugs. He made this finding primarily based on Plaintiff's own comment to Dr. Wheeler that her drug use interfered with her employment and coincided with her failing to go to work. (R. 183). The ALJ further noted that this finding was supported by the fact that Plaintiff was able to maintain employment when she was clean and sober in 2001 and 2002. (R. 20).

Whether or not Plaintiff continued to use drugs after January of 2005 is not relevant – the restriction regarding work absences, the only restriction affected by factoring out Plaintiff's drug use, was expressly based on Plaintiff's drug abuse and applied only during periods when Plaintiff was actively using drugs. In other words, if it were not for Plaintiff's drug abuse, this restriction would not apply at all. It should be noted that the ALJ accepted the limitations found by Dr. Wheeler to the same extent whether drug use was factored in or out, even though Dr. Wheeler expressly stated that Plaintiff's substance use contributed to her limitations. This demonstrates that the ALJ did not attempt to merely "water down" the RFC by estimating the extent to which Plaintiff's limitations were caused by substance abuse rather than atypical depression. It was only a limitation based on the ALJ's finding that Plaintiff's drug use affected her ability to maintain regular attendance that was factored out. Indeed, neither Dr. Wheeler nor Dr. Golin opined that Plaintiff's impairments imposed anything more than a moderate limitation on her ability to complete a normal work week. (R. 187, 203). Since this limitation was expressly based on Plaintiff's drug use, it was appropriately removed from the RFC when applying 20 C.F.R. § 416.935(b). To the extent that Plaintiff claimed that her limitations were more severe, the ALJ did not consider such claims credible because they were inconsistent with the medical evidence, and because of Plaintiff's impaired credibility based on earlier welfare fraud and theft convictions. (R. 20).

(continued...)

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and defendant's Motion for Summary Judgment (document No. 13) is GRANTED.

/s/ Gustave Diamond
United States District Judge
(for Judge Alan N. Bloch)

ecf:      Counsel of record

---

[1](...continued)
It should further be noted that the Court does not read the fourth section of Plaintiff's brief (pp. 8-16) as alleging that the ALJ failed to follow the proper procedure in applying Section 416.935, but rather, as providing an overview of that procedure. However, to the extent that Plaintiff does allege that the ALJ failed to follow the proper procedure, the Court disagrees, as the ALJ properly followed the sequence set forth in Section 416.935, as well as in the internal guidelines and policy statements submitted by Plaintiff.

Accordingly, substantial evidence supports the ALJ's decision that Plaintiff is not disabled because her substance abuse disorder was a contributing factor material to the determination of disability.

4